118 N.J. Super. 77 (1972)
286 A.2d 86
THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
LONNY McDAVITT, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 20, 1971.
Decided January 11, 1972.
*78 Before Judges CONFORD, MATTHEWS and FRITZ.
Mr. Joseph D. Haggerty argued the cause for appellant (Mr. Frank Metro, attorney).
Mr. Leonard N. Arnold, Assistant Prosecutor, argued the cause for respondent (Mr. Michael R. Imbriano, Somerset County Prosecutor, attorney).
The opinion of the court was delivered by CONFORD, P.J.A.D.
In this prosecution for breaking and entering, defendant would have had a substantial chance of winning an acquittal on the other proofs adduced had the court not permitted the State to introduce, over defendant's objection, an expert's testimony that a polygraph test showed him to have been lying when he professed innocence of the charge while undergoing the test.
We appreciate the fact that defendant invited his predicament by first succeeding, over justified objection by the State, in getting before the jury the fact that he offered to take a polygraph test when first arrested; also, the fact that he stipulated during the trial to submit to such a test and have the results thereof submitted at the trial. Nevertheless, the adjudicated inadmissibility of such tests because of unproven reliability and the "horrendous capacity for prejudice" of even a reference to a defendant's attitude toward taking one, State v. Driver, 38 N.J. 255, 261, 262 (1962), satisfy us that error occurred in the admission of the test results despite the prior acquiescence of plaintiff, later recanted. Moreover, the trial judge should have refused to allow defendant's own prior testimony that he had offered to take the test. See also State v. Parsons, 83 N.J. Super. *79 430, 437 (App. Div. 1964), referring to "the strong judicial hostility in this State to evidence of lie-detector tests, results thereof, or inferences from attitudes of persons toward taking them." Cf. State v. Arnwine, 67 N.J. Super. 483 (App. Div. 1961).
In our judgment a cogent way to emphasize to bar and trial bench that the policy of the courts of this State is to eliminate any reference to such tests of any nature whatsoever during a trial, at least until reliability thereof is firmly established, is to reverse this conviction on grounds of plain error. Substantial justice in the particular case also conduces to that conclusion. It may be noted, moreover, that the method by which this particular test was administered and the nature of the expert's testimony concerning it left much to be desired; as did the judge's charge attributing to the test an absolute tendency to indicate defendant was lying at the time he underwent the test.
Reversed.